FILED

2013 Aug-13  PM 12:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| ESURANCE INSURANCE COMPANY, | ) ) ) |
| **Plaintiff,** | ) ) |
| v. | ) **Case No.: 2:12-CV-963-VEH** |
| | ) |
| NOEL GRISSETT, et al., | ) ) |
| **Defendants.** | ) ) |

## MEMORANDUM OPINION

### I.    Introduction

This matter is before the court on the objections (Doc. 29) of Defendant Pamela Layton ("Ms. Layton") to Magistrate Judge John E. Ott's report and recommendation (the "R&R")  (Doc. 28), which recommends that Esurance Insurance Company's ("EIC") Motion for Summary Judgment (Doc. 20) (the "Motion") be granted.[1]

EIC's Motion, supporting brief, and evidentiary attachments were all filed on February 19, 2013.  Ms. Layton filed her opposition (Doc. 21) and evidentiary materials (Doc. 22) on March 11, 2013, to which EIC replied (Doc. 23) on March 20,

---

[1]  The parties have not consented to the jurisdiction of the magistrate judge. Therefore, in accordance with 28 U.S.C. § 636(b), the magistrate judge entered a report and recommendation.

2013.  EIC filed additional evidence in support of its Motion (Doc. 24) on March 29, 2013.

The R&R was entered on May 6, 2013.  (Doc. 28).  Ms. Layton's objections were filed on February 29, 2012.  (Doc. 29).  This case was randomly assigned to the undersigned judge on May 22, 2013.  (Doc. 30).  Finally, EIC filed its opposition (Doc. 34) to Ms. Layton's objections on May 31, 2013.  The matter, therefore, is now under submission, and for the reasons explained below, the court **OVERRULES** Ms. Layton's objections, and **ACCEPTS** the magistrate judge's R&R.

## II.    Standards

### A.    Summary Judgment Standard

The Eleventh Circuit has summarized the summary judgment burden, including when a defendant seeks judgment as a matter of law on the basis of an affirmative defense, as follows.

> Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c). Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to "come forward with specific facts showing that there is a genuine issue for trial."  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986) (quotations and emphasis omitted).  If the movant bears the burden of proof on an issue, because, as a defendant, it is asserting an

2

affirmative defense, it must establish that there is no genuine issue of material fact as to any element of that defense. *See Martin v. Alamo Community College Dist.*, 353 F.3d 409, 412 (5th Cir.2003).

*International Stamp Art, Inc. v. U.S. Postal Service*, 456 F.3d 1270, 1273-74 (11th Cir. 2006).[2]

## B.   District Court Review of Report and Recommendation

After conducting a "careful and complete" review of the findings and recommendations, a district judge may accept, reject, or modify the magistrate judge's report and recommendation. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."); *Williams v. Wainwright*, 681 F.2d 732 (11th Cir. 1982) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982), *overruled on other*

---

[2] The "facts" are determined for summary judgment purposes only.  They may not be the actual facts.  *See Cox v. Administrator U.S. Steel & Carnegie*, 17 F.3d 1386, 1400 (11th Cir. 1994) ("[W]hat we state as 'facts' in this opinion for purposes of reviewing the rulings on the summary judgment motion [ ] may not be the actual facts" (internal quotation marks omitted) (quoting *Swint v. City of Wadley*, 5 F.3d 1435, 1439 (11th Cir. 1993))).  Where the facts are in dispute, they are viewed in the manner most favorable to the plaintiff.  *See Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993) ("The district court should resolve all reasonable doubts about the facts in favor of the non-movant, and draw all justifiable inferences in his [or her] favor." (internal quotation marks omitted) (quoting *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991) (en banc))).

*grounds by Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996)).[3]

The district judge may also receive further evidence or recommit the matter to the

magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

A district judge "shall make a *de novo* determination of those portions of the

report or specified proposed findings or recommendations to which objection is made."

28 U.S.C. § 636(b)(1). This requires that the district judge "give fresh consideration

to those issues to which specific objection has been made by a party." *Jeffrey S. v.

State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990) (citing H.R. Rep. No. 94-1609,

94th Cong., 2nd Sess., reprinted in 1976 U.S. Code Cong. & Admin. News 6162,

6163). In contrast, those portions of the R&R to which no objection is made need only

be reviewed for clear error. *Macort v. Prem, Inc.*, 208 Fed. App'x. 781, 784 (11th Cir.

2006).[4]

---

[3]    The Eleventh Circuit has adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981, as well as all decisions issued after that date by a Unit B panel of the former Fifth Circuit. *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982); *see also United States v. Schultz*, 565 F.3d 1353, 1361 n.4 (11th Cir. 2009) (discussing the continuing validity of *Nettles*).

[4]    *Macort* dealt only with the standard of review to be applied to a magistrate's factual findings, but the Supreme Court has held that there is no reason for the district court to apply a different standard to a magistrate's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). Thus, district courts in this circuit have routinely applied a clear-error standard to both. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373–74 (N.D. Ga. 2006) (collecting cases). This is to be contrasted with the standard of review on appeal, which distinguishes between the two.

"Neither the Constitution nor the statute requires a district judge to review, *de novo*, findings and recommendations that the parties themselves accept as correct." *United States v. Woodard*, 387 F.3d 1329, 1334 (11th Cir. 2004) (internal quotation marks omitted) (quoting *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)). It is incumbent upon the parties to timely raise any objections that they may have regarding a magistrate judge's findings contained in a report and recommendation, as the failure to do so subsequently waives or abandons the issue, even if such matter was presented at the magistrate judge level. *See*, *e.g.*, *United States v. Pilati*, 627 F.3d 1360 at 1365 (11th Cir. 2010) ("While Pilati raised the issue of not being convicted of a qualifying offense before the magistrate judge, he did not raise this issue in his appeal to the district court. Thus, this argument has been waived or abandoned by his failure to raise it on appeal to the district court."). However, the district judge has discretion to consider <u>or</u> to decline to consider arguments that were not raised before the magistrate judge. *Stephens v. Tolbert*, 471 F.3d 1173, 1176 (11th Cir. 2006); *see also Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) ("Thus, we answer the question left open in *Stephens* and hold that a district court has discretion to decline to

_____

*See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (when a magistrate's findings of fact are adopted by the district court without objection, they are reviewed on appeal under a plain-error standard, but questions of law remain subject to *de novo* review).

consider a party's argument when that argument was not first presented to the magistrate judge.").

"Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles*, 677 F.2d at 410 n.8. "This rule facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act." *Id.* at 410. Indeed, a contrary rule "would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court." *Williams*, 557 F.3d at 1292 (internal quotation marks omitted) (quoting *United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000)).

## III.    Analysis

This insurance coverage dispute centers upon the application of an "engaged in business" exclusion to the repair work that Milton Bell ("Mr. Bell"), Ms. Layton's father, agreed to do and was in the process of doing on his daughter's car when the vehicle was damaged. The R&R recommends that summary judgment in favor of EIC is appropriate because the record reflects that Mr. Bell "undertook the repairs

expecting to be paid for his work."[5]   (Doc. 28 at 7); (*see also* Doc. 22-1 at 40-41 (excerpts from Mr. Bell's deposition transcript confirming that, Mr. Bell's understanding, prior to the accident, was that his daughter "was going to pay [him] for the job" including for "some labor, too" although he might have "give[n] her a little percentage off")).[6]

As Ms. Layton generally contends in her objections:

[B]ecause Milton Bell did not charge his daughter for repair work done before or after the accident and because there is a pattern of Milton Bell not charging his children for repair work to their vehicles, evidence has been presented that the instant accident falls outside of the application of Esurance's "engaged in business" exclusion.

(Doc. 29 at 2).

Ms. Layton more specifically maintains that Mr. Bell's post-accident decision not to charge Ms. Layton for any repairs creates a genuine issue of material fact with

---

[5]  Quoting from *Vallas v. Cincinnati Ins. Co.*, 624 So. 2d 568, 571 (Ala. 1993), the R&R assumes "[f]or the sake of argument" that the term "business [as used in the exclusion] is understood to be 'an undertaking or calling for gain, profit, advantage, or livelihood.'"  (Doc. 28 at 7).  *Vallas* involved whether a similarly worded business pursuits exclusion should apply to the allegedly damaging actions of an insured general partner in furtherance of a limited investment partnership.  *See id.* at 572 ("Therefore, we hold that the McCurtin Creek limited partnership, of which the insured John Vallas was a general partner, was a 'business pursuit' within the meaning of the exclusion in the CIC policy.").

[6]  The page references to Doc. 22-1 correspond with the court's CM/ECF numbering system.

respect to applying the exclusion.  (*Id.* at 3-5).  Ms. Layton finally suggests that Mr. Bell's intent is irrelevant to the exclusionary inquiry, but offers no authority for this contention.[7]  (*Id.* at 5-7).

In contesting the validity of the coverage ruling proposed in the R&R, Ms. Layton does not refer to any Alabama authority which has construed this type of exclusion under circumstances comparable to those presented here.  Instead, as persuasive authority, Ms. Layton relies upon a specific section from an American Jurisprudence article.  (*See* Doc. 29 at 4-5 (quoting George A. Locke, J.D., *Avoiding the "Business Pursuits" Exclusion – Insured's Activity as Not Business Pursuit*, 15 Am. Jur. Proof of Facts 3d § 6 at 532 (1992))).

More particularly, Ms. Layton suggests that this secondary authority stands for the proposition that whether an insured receives compensation for the activity alleged to be a business pursuit is critical to a court's exclusionary determination.  However, this very same section relied upon by Ms. Layton expressly cautions:

_____

[7] As such, the court **OVERRULES** this particular objection as underdeveloped. *Cf. Flanigan's Enters., Inc. v. Fulton County, Ga.*, 242 F.3d 976, 987 n.16 (11th Cir. 2001) (finding that a party waives an argument on appeal if the litigant "fail[s] to elaborate or provide any citation of authority in support" of the argument); *Ordower v. Feldman*, 826 F.2d 1569, 1576 (7th Cir. 1987) (stating that an argument made without citation to authority is insufficient to raise an issue before the court). Additionally, the court **OVERRULES** this objection because its substance conflicts with those authorities cited by Ms. Layton which substantiate that the intent of the insured is relevant to the application of an "engaged in business" exclusion.

> Whatever the probative value of evidence that the insured did or did not gain financially as a result of the activity at issue, <u>it seems clear that most courts regard an actual achievement or nonachievement of financial gain as less important than the presence or absence of a gain-related motive on the part of the insured.  If the evidence of a profit motive is clear, the court may well ignore the fact that the activity happened to result in a loss for the insured</u>.  Similarly, the court may choose to overlook the fact that the insured received remuneration for the activity if the evidence of an underlying profit motive is otherwise weak or conflicting.

*Id.* (footnotes omitted) (emphasis added).[8]

Therefore, the full import of Ms. Layton's cited authority emphasizes the overriding importance of an insured's monetary <u>motive</u> when providing the activity or service to a third party over the insured's receipt of any remuneration, when evaluating whether to apply the exclusion.  Further, because Mr. Bell's undisputed deposition testimony reveals that he intended to charge and to be paid for the repair work to be performed on his daughter's vehicle, the full context of the article cited by Ms. Layton actually bolsters, rather than discredits, the conclusion reached by the magistrate judge in his R&R.

Ms. Layton also relies upon *Safeco Ins. Co. v. Hale*, 189 Cal. Rptr. 463 (Cal.

---

[8]  The court agrees that application of this type of exclusion should be intent-driven and specifically finds that proof of an insured's profit motive (*i.e.*, intending to be paid for car repair services) prior to an occurrence under a policy constitutes the type of evidence that is key to the exclusionary determination as opposed to any arguable conflicting post-occurrence actions or non-actions engaged in by the insured (*e.g.*, ultimately not billing for any car repair services).

9

Ct. App. 1983), as persuasive authority in support of her objections. (Doc. 29 at 5 n.1).[9]  Ms. Layton maintains that "*Hale* is particularly relevant since it involves a gratuitous extension of an ongoing service – the stabling of horses – that the insured also provided commercially." (*Id.* at 5 n.1).  However, what Ms. Layton neglects to inform this court is that relevant to the court's decision in *Hale* were the following facts:

> [T]he trial court found that <u>Boots was originally stabled at the Hales' residence premises as a favor to Penny Roaseau</u>; that Boots was used neither in the business operation or activities of the Hales; that Penny did not pay a fee in exchange for the Hales' care of Boots.  These facts, amply supported by the record lead to one conclusion:  the injury arose out of a nonbusiness pursuit. Accordingly, the business pursuits exclusion does not apply.

*Hale*, 189 Cal. Rptr. at 352 (emphasis added).

Thus, in *Hale*, the non-application of a comparable exclusion turned in part upon the insured's gratuitous intent prior to the injury of the horse.  Further, such reasoning utilized in *Hale* lends contrasting support to the magistrate judge's recommendation that the policy's "engaged in business" exclusion should apply in this instance – Mr. Bell did not have a gratuitous intent at the onset of his dealings with his daughter and

---

[9]  Ms. Layton additionally cites to *Vallas* (Doc. 29 at 5 n.1), but makes no effort to clarify why this coverage case, in which the Supreme Court of Alabama affirmed summary judgment and excluded coverage in favor of an insurer, is helpful to her. Indeed, nothing in the magistrate judge's treatment of the "engaged in business" exclusion in his R&R conflicts with *Vallas*'s holding.

only changed his mind, in terms of seeking compensation from her, after her automobile was damaged.

Finally, in the absence of any authority from Ms. Layton that brings into question the magistrate judge's analysis, this court is persuaded to adopt the R&R.  In sum, even though Mr. Bell never did receive any payment from his daughter for his repair work, because Mr. Bell testified that he intended to charge Ms. Layton for his services, no reasonable jury could conclude that the "engaged in business" exclusion was inapplicable.

## IV.   Conclusion

For the reasons set out above, the court **OVERRULES** Ms. Layton's objections and **ACCEPTS** the R&R.  Accordingly, EIC's Motion (Doc. 12) is due to be **GRANTED**.  The court will enter a separate final judgment order.

**DONE** and **ORDERED** this the 13th day of August, 2013.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

11